UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.

09CR108S

**Order**

SEAN McIVER,

Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 11).

The instant matter before the Court is the defendant Sean McIver's second omnibus motion (Docket No. 51;cf. Docket Nos. 15 (initial motion), 29 (Order), 33 (initial Report & Recommendation), 28 (Order regarding initial motion to suppress)) which seeks the following relief:  filing of a Bill of Particulars; discovery pursuant to Federal Rules of Criminal Procedure 12 and 16; Federal Rules of Evidence 403, 404(b), 609 materials; production of Brady/Giglio material; production of Jencks Act material; and identity of informants.  Also before the Court is defendant's motion to suppress physical evidence (Docket No. 51, Def. Atty. Aff. ¶¶ 67-72); that motion will be considered in a separate Report & Recommendation.  Defendant also joins in codefendant's motions (id. ¶ 73), but this is deemed moot since his codefendant has not moved and has subsequently entered a guilty plea (see Docket Nos. 24-26).  This second omnibus

motion arises from the filing of a superseding Indictment (Docket No. 30), which added two new

charges against defendant, conspiracy from 2005 to March 12, 2009, to distribute drugs and a

continuing criminal enterprise conducted during that same period (id. Counts IV, V).

The Government has filed responding papers (Docket Nos. 52, 53) and at oral argument

on February 25, 2010, the parties submitted on their respective papers, and the motion was then

deemed submitted (text minute entry, Aug. 13, 2009).

## BACKGROUND

Defendant originally was charged with three counts of unlawful possession with intent to

distribute of at least 5 grams or more of a substance containing cocaine base, in violation of

21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Docket No. 7, Indict.).  On or about

February 10, 2009, defendant (with codefendant Robert Cox) possessed 5 or more grams of crack

cocaine in Niagara Falls, New York (id., Count I), and, on or about March 12, 2009, defendant

allegedly possessed 50 grams and 5 grams, again in Niagara Falls (id., Counts II, III).  On

August 13, 2009, the Government indicated that these charges would be superseded (text minute

entry, Aug. 13, 2009), and a superseding Indictment (with new charges described above) was

filed on September 3, 2009 (Docket No. 30).  The superseding Indictment charged the defendant

alone with five counts of unlawful possession of controlled substance.  The first count charges

McIver with possession of 5 or more grams of crack cocaine on or about February 10, 2009, the

second count charges defendant with possession of 50 grams or more of crack cocaine on or

about March 12, 2009, while the third count charges defendant with possession of 5 grams or

more of crack cocaine on the same day.  This Superseded Indictment adds two new counts:

Count IV charges defendant with a conspiracy to possess with intent to distribute 50 grams or

more of crack cocaine, from in or about 2005 to March 12, 2009, in violation of 21 U.S.C. §§

841(a)(1), (b)(1)(A), 846.  Finally, Count V alleges that, beginning in 2005 and continuing up to

March 12, 2009, defendant engaged in a Continuing Criminal Enterprise (in that he violated 21

U.S.C. §§ 841(a)(1), 844(a), and 846), all in violation of 21 U.S.C. § 848(a).  (Docket No. 30,

Superseding Indict.)

Meanwhile this Court filed an Order (Docket No. 29) on the initial omnibus motion,

denying defendant's motion for a Bill of Particulars, granting and denying in part his other

discovery motions to the extend of production made and offered to be made by the Government.

**DISCUSSION**

The only significant difference between this omnibus motion and the initial motion is the

fact that defendant must contend with two additional charges.  Thus, the disposition of the relief

sought in that first motion will continue in considering the second motion.

I.      Bill of Particulars

First, defendant seeks a Bill of Particulars as to Count IV of the quantities of cocaine

allegedly possessed, the exact location where the offenses were committed, and whether

possession was constructive or actual, and how it was determined that the substance seized was

cocaine (Docket No. 51, Def. Atty. Aff. ¶ 5).  As for the new Count V, defendant seeks a Bill on

whether he was charged as a principal or as an accomplice, the acts or words demonstrating that

he occupied a position as an organizer, supervisor or manager of a continuing criminal enterprise,

and how it was determined that defendant obtained substantial income and resources from

committing the offense described in the Indictment (id. ¶ 6).

3

The Government responds that either these demands exceed the permissible bounds for a Bill of Particulars or have already been provided (Docket No. 52, Gov't Response at 4). The precise quantities of cocaine involved, the manner the Government determined that the substance was cocaine, the description of all of the actions, words used, income, and distances sought are evidentiary detail beyond the scope of a Bill of Particulars (id. at 6), while discovery produced to date describes for defendant the locations where offenses transpired, precise quantities of cocaine sold or possessed as determined by a forensic scientist (id. at 6 & n.5). As for whether it is alleged that defendant had actual or constructive possession, the Government contends that this seeks to disclose the Government's legal theory and that is beyond the scope of a Bill of Particulars, and the Government is alleging both actual and constructive possession (id. at 7).

As previously stated, Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial, United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment and the Government's disclosure (see Docket No. 18, Gov't Response at 3, 5; Docket No. 52, Gov't Response at 3-7), the Court finds that defendant **is**

4

**not entitled** to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy. Defendant again seeks information about where the offenses occurred, the quantities involved, and proof that the substance was cocaine all beyond the scope of a Bill of Particulars; this portion of his motion is **denied**.

II.     Discovery

Defendant next seeks various items of pretrial discovery (Docket No. 51, Def. Atty. Aff. ¶¶ 7-47; cf. Docket No. 15, Def. Atty. Aff. ¶¶ 6-46). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. Defendant concedes that he received some discovery from the Government (Docket No. 51, Def. Atty. Aff. ¶ 8; see also Docket No. 15, Def. Atty. Aff. ¶ 7; cf. Docket No. 52, Gov't Response at 9; Docket No. 53, Gov't Ex. A (letter of Nov. 29, 2009, listing enclosed discovery produced to defense). The Government argues that it provided to defendant all discovery required under Rule 16 and will provide additional discovery should it become available (Docket No. 52, Gov't Response at 9; Docket No. 53; see also Docket No. 18, Gov't Response at 8-9).

Since much of defendant's present motion repeats requests made in the initial motion (without arguing that those items were not produced), this motion is **denied or deemed sufficient or moot** for the reasons stated in the previous Order (Docket No. 29, Order at 3-7).

III.    Federal Rule of Evidence 404(b) and 609 Material

Defendant next requests disclosure of any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions to be used for impeachment (Docket No. 51, Def. Atty. Aff. ¶ 48; cf. Docket No. 15, Def. Atty. Aff. ¶ 47).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government states that it will disclose Rule 404(b) materials within the disclosure parameters of that Rule and consistent with the District Court's final scheduling Order (Docket No. 52, Gov't Response at 13), while repeating that it was not aware of any convictions that could be used to impeach pursuant to Rule 609 (id. at 13 n.13; see also Docket No. 18, Gov't Response at 12 n.13).

Disclosure at the schedule set forth in the final pretrial Order **is sufficient here**.

IV.    Expert Disclosure

Defendant seeks disclosure of expert witness information pursuant to Federal Rule of Evidence 702 (Docket No. 51, Def. Atty. Aff. ¶ 49; cf. Docket No. 15, Def. Atty. Aff. ¶ 48).  As previously noted (Docket No. 29, Order at 8), his request **is premature and should be deferred** to consideration by the District Judge.

V.    Brady and Giglio Material

Defendant has requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States,

405 U.S. 150 (1972), and their progeny (Docket No. 51, Def. Atty. Aff. ¶¶ 49-58; cf. Docket No. 15, Def. Atty. Aff. ¶¶ 49-59).  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."  United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The Government acknowledges its continuing obligation to provide exculpatory and impeachment materials but resists defendant's broader construction of Brady and its progeny (Docket No. 52, Gov't Response at 14; see Docket No. 18, Gov't Response at 13-14).  The Government is not aware of any exculpatory Brady material and (where it exists) agrees to provide impeachment Brady material with its Jencks Act disclosure.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided."  United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

VI.    Jencks Act

Defendant next seeks disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 at least 48 hours prior to trial (Docket No. 51, Def. Atty. Aff. ¶¶ 59-63, 59; cf. Docket No. 15, Defs. Atty. Aff. ¶¶ 60-64).  The Government states that it intends to supply Jencks Act materials at least one week before trial (Docket No. 52, Gov't Response at 18; cf. Docket No. 18, Gov't Response at 16-17).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.  Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial.  In this case, the Government has agreed to disclose this information two weeks before trial or as otherwise ordered.  The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case, in fact the time proposed by the Government (one week) gives defendant more advanced notice than he sought (48 hours before trial).  Therefore, the Government **shall produce** these statements pursuant to the timing set forth in the District Court's final pretrial Order or in any event at least one week prior to trial.

VII.    Identity of Informants

Defendant again seeks identification of informants (Docket No. 51, Def. Atty. Aff. ¶¶ 64-66; cf. Docket No. 15, Def. Atty. Aff. ¶¶ 65-68).  The Government again objects that, under Rovario, 353 U.S. 52, 60-61 (1957), it is not required to reveal the names of witnesses (Docket No. 52, Gov't Response at 18-21; cf. Docket No. 18, Gov't Response at 17-20), see United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988).  Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial.  Bejasa, supra, 904 F.2d at 139.  Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others (Docket No. 52, Gov't Response at 21).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense.  This request is **denied**.

## CONCLUSION

For the reasons stated above, so much of defendant's omnibus motion (Docket No. 51) seeking various forms of discovery is **granted in part, denied in part**, as discussed in detail above.

So Ordered.

                              /s/ Hugh B. Scott
                              Honorable Hugh B. Scott
                              United States Magistrate Judge

Dated: Buffalo, New York
       March 19, 2010